IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| JUAN AYALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-703-O |
| | § | |
| ANTONIO LEDEZMA a/k/a LA | § | |
| CONSTRUCTION et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Before the Court are Defendant Zimmerman Properties Construction, LLC's Motion for Summary Judgment (ECF No. 29), filed January 31, 2014; Plaintiff's Response (ECF No. 30), filed February 21, 2014; and Defendant's Reply (ECF No. 33), filed March 5, 2014.[1] Having reviewed the motion, the briefing, and the applicable law, the Court finds that Defendant has failed to meet its burden, and therefore, its motion should be and is hereby **DENIED.**

Defendant Zimmerman Properties Construction, LLC ("Zimmerman") was hired by Midland GW Plaza Apartments, LP ("Midland GW") as the general contractor to construct an apartment complex. App. Zimmerman's Br. Supp. Mot. Summ. J. Ex. B (Davidson Aff.), App. at 32, ECF No.

---

[1] Also before the Court are Zimmerman's Objections to Plaintiff's Summary Judgment Evidence (ECF No. 34), filed March 5, 2014. A nonmovant may rely on any form of evidence listed in Federal Rule of Civil Procedure 56(c), but even though the form of the evidence need not be admissible, "the content of the evidence must meet evidentiary requirements." *Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 721-22 (N.D. Tex. 2006) (Fish, C.J.). The Court did not consider any evidence that did not meet the applicable standard for competent summary judgment evidence, and therefore, Zimmerman's objections are overruled as moot. *See id.* at 722-23; *Kirby v. SBC Servs., Inc.*, 391 F. Supp. 2d 445, 456 (N.D. Tex. 2005) (Lindsay, J.); *see also In re Absolute Res. Corp.*, 76 F. Supp. 2d 723, 729 (N.D. Tex. 1999) (Maloney, J.) (finding summary judgment should be granted "even if the Court overlooks" defects in summary judgment evidence).

29-2. Zimmerman hired Innovation Homes, LLC ("Innovation") as the framing subcontractor, Innovation hired LA Construction to complete the framing work, and Plaintiff Juan Ayala ("Plaintiff") was hired by LA Construction. *Id.* On or about December 13, 2011, Plaintiff was working at the apartment complex on the pavilion he was constructing when the boards of the pavilion broke and Plaintiff fell to the ground allegedly sustaining serious personal injuries. *See* 2d Am. Compl. ¶¶ 3.1-3.2, ECF No. 12; Zimmerman's App. Ex. A (Plaintiff Dep.), App. at 15, 20-21, ECF No. 29-2. Plaintiff filed suit asserting a cause of action against Zimmerman for negligence. *See generally* 2d Am. Compl., ECF No. 12. Zimmerman, however, contends that it is entitled to summary judgment because it did not exercise actual control or contractually retain control over the means, methods, or details of Plaintiff's work and, therefore, it did not owe a legal duty to Plaintiff. Zimmerman's Br. Supp. Mot. Summ. J. 5, ECF No. 29-1.

To be entitled to summary judgment, a movant must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, and then it is up to the nonmovant to point to "'specific facts showing that there is a genuine issue for trial.'" *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp.*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). The evidence is examined in the light most favorable to the

nonmovant and any reasonable inferences are drawn in favor of the nonmovant. *Cannata*, 700 F.3d at 172 (citations omitted). To determine whether a genuine issue of material fact exists, courts must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

To establish a negligence cause of action, a plaintiff must show (1) that the defendant owed a legal duty to the plaintiff, (2) the defendant's breach of that duty, and (3) damages proximately caused by that breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001) (citation omitted). The existence of a duty is the threshold inquiry in a negligence case and it is a question of law for a court to decide from the facts surrounding the occurrence in question. *See Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000) (citing *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)); *Calvasina v. Wal-Mart Real Estate Business Trust*, 906 F. Supp. 2d 625, 628-29 (W.D. Tex. 2012) (quoting *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005)).

"Ordinarily, a general contractor does not owe a duty to ensure that an independent contractor performs its work in a safe manner." *Lee Lewis*, 70 S.W.3d at 783 (citations omitted). A general contractor does, however, owe a duty to an independent contractor if the general contractor retains "some control over the manner in which the independent contractor performs its work." *Id.* This duty is commensurate with the control the general contractor retains over the independent contractor's work. *Id.* (citing *Elliott-Williams Co. v. Diaz*, 9 S.W.3d 801, 803 (Tex 1999); *Hoechst-Celanese Corp. v. Mendez*, 967 S.W.2d 354, 355 (Tex. 1998)). A general contractor can retain the right to control an aspect of an independent contractor's work by contractually retaining a right to control or by actually exercising control. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 292 (Tex. 2004); *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606 (Tex. 2002); *Lee Lewis*, 70 S.W.3d at 783. A contract may impose control upon a party and create a duty of care if the contract grants a

general contractor the right to control the "means, methods, or details of the independent contractor's work." *Dow Chem.*, 89 S.W.3d at 606 (citing *Elliott-Williams*, 9 S.W.3d at 804) (internal quotation marks omitted); *see also Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 244 (5 Cir. 2005) (quoting *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985)) ("To trigger liability, the level of control exercised must be 'more than a general right to order the work to start or stop, to inspect progress, or receive reports.'"). The contract must explicitly assign the general contractor a right to control. *See Shell Oil Co.*, 138 S.W.3d at 292; *Dow Chem.*, 89 S.W.3d at 606.

Zimmerman asserts that it is "conclusive as a matter of law" that it did not have contractual control over Plaintiff's work because Zimmerman did not have a contract with Plaintiff or LA Construction. *See* Zimmerman's Br. Supp. Mot. Summ. J. 11, ECF No. 29-1; Zimmerman's Reply 4, ECF No. 33. The fact that Zimmerman did not have a contract with Plaintiff or LA Construction, however, does not establish as a matter of law that Zimmerman did not owe a duty to Plaintiff.[2] *See Elliott-Williams*, 9 S.W.3d at 804-05 (discussing whether general contractor owed duty to third party worker based on general contractor's contract with owner); *see also Calvasina*, 906 F. Supp. 2d at 629, 635-36 (discussing franchise agreement to determine whether franchisor owed duty to leased employee). Zimmerman's contract with Midland GW provided, among other provisions, that:

---

[2] Zimmerman contends the Fifth Circuit has held that "in the absence of a contractual agreement between the parties, a general contractor's alleged duty to an independent contractor may only be shown by actual control." Zimmerman's Br. Supp. Mot. Summ. J. 11, ECF No. 29-1 (citing *Arsement v. Spinnaker Exploration Co., LLC*, 400 F.3d 238, 252 (5th Cir. 2005)). The Fifth Circuit, however, did not state that there must be a "contractual agreement between the parties." *See Arsement*, 400 F.3d at 252 (quoting *Dow Chem.*, 89 S.W.3d at 606) ("To prove control in absence of a contractual agreement, the employee must show the contractor 'actually exercised control over the manner in which the independent contractor's work was performed.'"). The issue in *Arsement* was an injury allegedly caused by the implementation of a procedure devised to install a structure onto an oil and gas production platform. *Id.* at 242. The procedure was devised and authorized at a meeting, but "there [was] no evidence on what exactly was said at the planning meeting." *Id.* at 250. Accordingly, the Fifth Circuit looked at whether defendants exercised actual control. *Id.* at 252.

4

> § 3.3.1 [Zimmerman] shall supervise and direct the Work, using [Zimmerman's] best skill and attention. [Zimmerman] shall be solely responsible for, and have control over, construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract, unless the Contract Documents give other specific instructions concerning matters. . . .
>
> § 3.3.2 [Zimmerman] shall be responsible to the Owner for acts and omissions of [Zimmerman's] employees, Subcontractors and their agents and employees, and other persons or entities performing portion of the Work for, or on behalf of, [Zimmerman] or any of its Subcontractors. . . .

Pl.'s App. Supp. Resp. Ex. A (Zimmerman-Midland Contract), App. at 28, ECF No. 32. Texas courts have found that contracts with similar language explicitly assigned control to a general contractor and imposed a legal duty. *See, e.g.*, *Lee Lewis Constr., Inc. v. Harrison*, 64 S.W.3d 1, 8-9 (Tex. App.—Amarillo 1999), *aff'd* 70 S.W.3d 778 (Tex. 2001); *Lawson-Avila Constr., Inc. v. Stoutamire*, 791 S.W.2d 584, 589-91 (Tex. App.—San Antonio 1990, writ denied).

The Zimmerman-Midland GW contract also provided, however, that

> § 5.3 [Zimmerman] shall require each Subcontractor, to the extent of the Work to be performed by the Subcontractor, to be bound to [Zimmerman] by terms of the Contract Documents, and to assume toward [Zimmerman] all the obligations and responsibilities, including the responsibility for safety of the Subcontractor's Work, which [Zimmerman], by these Documents, assumes toward the Owner and Architect. . . .

Pl.'s App. Ex. (Zimmerman-Midland GW Contract), App. at 35, ECF No. 32; *see also Saenz v. David & David Constr. Co.*, 52 S.W.3d 807, 813-14 (Tex. App.—San Antonio 2001, pet. denied) (finding similar provision "modified previous control clauses"). Zimmerman contends that it hired Innovation as the framing subcontractor, Zimmerman's Br. Supp. Mot. Summ. J. 10, ECF No. 29-1; Zimmerman's App. Ex. B (Davidson Aff.), App. at 32, ECF No. 29-2, but has failed to provide

evidence that it did not retain any rights to control in its subcontract with Innovation. *See* Pl.'s Resp. 19, ECF No. 31 (noting Zimmerman has failed to produce contract evidencing its delegation of responsibilities and obligations). Therefore, the Court is unable to determine whether Zimmerman explicitly retained any rights to control or assigned its responsibilities and obligations to Innovation.[3] *See Gonzalez v. VATR Constr. LLC*, ___ S.W.3d ___, 2013 WL 6504813, at *7 (Tex. App.—Dallas 2013, no pet. h.) (analyzing general contractor-subcontractor agreement to determine whether general contractor retained "any responsibility for the subcontractors' work"; noting general contractor did not owe duty because "responsibility was passed down the chain through each successive subcontract"); *Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110, 123 (Tex. App.—Houston [1st Dist] 2009, pet. denied) (discussing general contractor-subcontractor contract to determine whether general contractor retained contractual control); *see also Saenz*, 52 S.W.3d at 813-14. Accordingly, the Court finds that Zimmerman has failed to show that it is entitled to judgment as a matter of law.[4]

---

[3] Whether a general contractor retained a contractual right to control is generally a question of law. *See Shell Oil Co.*, 138 S.W.3d at 292; *Dow Chem.*, 89 S.W.3d at 606; *see also Frost Nat'l Bank v. L&F Distributors, Ltd.*, 165 S.W.3d 310, 311-12 (Tex. 2005) ("In construing a contract, we must ascertain and give effect to the parties' intentions as expressed in the document. . . . If, after the pertinent rules of construction are applied, the contract can be given a definite or certain legal meaning, it is unambiguous and we construe it as a matter of law.") (citations omitted). The existence of a duty is also a question of law for courts to decide from the facts surrounding the occurrence in question. *See Ford*, 230 F.3d at 830; *Calvasina*, 906 F. Supp. 2d at 628-29. Zimmerman, however, has not provided the Court with its subcontract with Innovation and, therefore, the Court is unable to determine whether Zimmerman retained a contractual right to control and owed a legal duty.

[4] Finding that Zimmerman is not entitled to summary judgment based on its lack of contractual control, the Court need not examine whether Zimmerman actually exercised control over Plaintiff's work. *See Lee Lewis*, 70 S.W.3d at 783 ("A general contractor can retain the right to control . . . in two ways: by contract *or* by actual exercise of control.") (emphasis added); *see also Dow Chem.*, 89 S.W.3d at 606 ("If the right of control . . . has a contractual basis, the circumstance that no actual control was exercised will not absolve the general contractor of liability.") (citation omitted) (internal quotation marks omitted).

Based on the foregoing, Defendant Zimmerman Properties Construction, LLC's Motion for Summary Judgment (ECF No. 29) is hereby **DENIED**.

**SO ORDERED** on this **13th day** of **March, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**